UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CAROL J. SCHIAVO and MARTIN BANYARD,

      Plaintiffs,

  -against-

R. JAMES NICHOLSON in his official capacity
as Secretary of Veterans Affairs,

      Defendant.
----------------------------------------------------------x

ECF CASE

**ROBINSON**

**07 CIV. 6666**

COMPLAINT

PLAINTIFFS DEMAND
A JURY TRIAL

  Plaintiffs, CAROL J. SCHAIVO, and MARTIN BANYARD, by their attorney ROBERT DAVID GOODSTEIN, ESQ., complaining of defendant's actions in his official capacity state as follows:

  1. This is an action for injunctive, legal, and declaratory relief brought on behalf of Plaintiffs, CAROL J. SCHAIVO and MARTIN BANYARD, employees of The Department of Veterans Affairs. The plaintiff has suffered discrimination on the basis of religion, in violation of TITLE VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (Title VII). If defendant is not enjoined, plaintiffs may continue to be subjected to discrimination.

  2. This court has subject matter jurisdiction over this Complaint, pursuant to 28 U.S.C. §§ 1131 and 1343 (a)(4), 42 U.S.C. §§ 2000e-16(d) and 2000e-5(f)(3), and the Declaratory Judgment Act, 28 U.S.C. §2201.

  3. Venue is proper in this district pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000e-5(f)(3).

  4. Plaintiff's, are Registered Nurses employed at the Veterans Administration Hudson Valley Facility located in Montrose, New York. Plaintiff's are not Muslims

5. Defendant R. James Nicholson is Secretary of Veterans Affairs and is named as a defendant in this action in his official capacity as head of the Department of Veteran Affairs. The Department of Veterans Affairs is headquartered in Washington D.C., and is an executive department of the Federal Government of the United States of America.

6. In its employment practices, the Department of Veterans Affairs favors Muslims over non-Muslims because of their religion.

7. Two Muslim nurses who work in the same unit as plaintiffs requested that they not work evening or weekend tours due to religious reasons.

8. In contradiction of plaintiffs' rights, allegedly to accommodate the Muslim nurses request, the non-Muslim nurses, including plaintiffs, were forced to work additional "off-tours" meaning evening and weekend tours. This assignment was undesirable.

9. The plaintiffs have sought to end this "unreasonable accommodation" but have failed because of the Department of Veterans Affairs discrimination on the basis of religion.

10. Alvin Miller, the EEOC Specialist for the VA Hudson Valley Facility, informed management "that they should provide a temporary relief to the Muslim nurses (taking them out of the night and evening rotation) until we can resolve this issue..." Following this advice, Sandra Y. Griffin, then Associate Director of Patient Care/Nursing Services temporarily, granted the religious accommodation requested by the Muslim nurses.

11. The granting of this "accommodation" was blatant discrimination based on religion against non-Muslims. Based on this "accommodation" plaintiffs at bar were compelled to work the non-desirable shifts. Further, the so called accommodation was made contrary to the procedures of the Department of Veterans Affairs to determine whether a religious accommodation should be

granted.

12. This case has fulfilled all procedural prerequisites. The matter was before the Administrative Law Judge of the United States Equal Employment Opportunity Commission which issued a decision dismissing the charge without a hearing. Plaintiff Schaivo received transmittal of final agency decision or order by document dated April 26, 2007. Plaintiff Banyard received transmittal of final agency decision by document dated May 10, 2007. Plaintiffs have a total of 90 days from their receipt of the EEOC's Final Decisions to file this action. Therefore, this action in timely filed.

13. Defendant has violated Title VII and will continue to violate Title VII if not enjoined because the Department of Veterans Affairs maintains policies, programs and classifications that impermissibly discriminate on the basis of religion. Accordingly, defendant has taken personnel actions in violation of Title VII's mandate that they be free from any discrimination based on Religion.

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment for plaintiffs awarding the following relief;

    a. A permanent injunction prohibiting defendant as head of the Department of Veterans Affairs and his employees, agents, officers, representatives and servants from giving a "reasonable accommodation" to Muslim nurses which forces non-Muslim nurses to work "off tours";

    b. A declaratory judgment that defendant as head of the Department of Veterans Affairs violated plaintiffs' rights under Title VII;

    c. An award on compensatory damages for plaintiffs' mental anguish, humiliation, pain

and suffering;

d.     An award to plaintiffs for attorneys fees and costs of suit; and

e.     an award of such other relief is to the Court seems just and proper.

Dated: New Rochelle, New York
        July 23, 2007

Respectfully Submitted,

ROBERT DAVID GOODSTEIN, ESQ.

By: _____
ROBERT DAVID GOODSTEIN (RDG 5443)
*Attorneys for Plaintiffs*
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914)-632-8382

4