UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CAROL J. SCHIAVO, MARTIN BANYARD and :
DERRIELL DORSEY,

                Plaintiffs,

                -against-

DR. JAMES B. PEAKE, in his official capacity as
Secretary of Veterans Affairs,

                Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

No. 07 Civ. 6666 (SCR) (MDF)

CONFIDENTIALITY ORDER

      Pursuant to the provisions of Federal Rule of Civil Procedure 26(c), the Court enters this Confidentiality Order upon the joint motion of the parties, for the purpose of assuring the confidentiality of certain information that may be disclosed by the parties in the course of discovery proceedings.

      1.     As used in this Confidentiality Order the term "confidential information" includes any information that is disclosed by a party to the opposing party or its counsel in the course of discovery proceedings in this action and which at or before the time of disclosure has been designated as "confidential" by the party disclosing it in one or more of the following ways:

      a.     Information set forth in an answer to an interrogatory may be so designated by including the word "confidential" in the answer.

      b.     Information contained in any document or part thereof may be so designated by marking the word "Confidential" on the document or any copy of it delivered to the opposing party or its counsel or by giving written notice to counsel for the opposing party, describing the document or part thereof either specifically or by category.

  c. Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given or upon receipt of the transcript.

  2. "Confidential Information" disclosed to opposing parties or its counsel during the course of discovery proceedings in this action:

  a. Shall be used by the opposing party and counsel only for purposes of this action;

  b. Shall not be published to the public in any form by the opposing party or counsel, nor used by the opposing party for any business or commercial purposes;

  c. Shall be disclosed by the opposing party or its counsel only to the following persons:

   i. the opposing party or attorneys of record for the opposing party, including any attorneys employed by a law firm of record that represents the opposing party;

   ii. secretarial, clerical and paralegal, or student personnel employed full-time or part-time by attorneys or a law firm that represents the opposing party;

   iii. independent (non-employee) expert witnesses or advisors retained by the opposing party in connection with this action;

   iv. officers and managerial or supervisory personnel of the opposing party;

   v. court reporters or stenographers engaged to record deposition testimony, and their employees;

2

          vi.    such other persons as hereafter may be authorized by the Court upon motion of either party.

3.    A copy of this Confidentiality Order shall be delivered to each of the named parties and to each person within paragraphs 2.c.iii, 2.c.iv, and 2.c.vi above to whom a disclosure of confidential information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. The provisions of this Confidentiality Order shall be binding upon each such person to whom disclosure is made.

4.    The provisions of this Order shall not be construed as preventing:

    a.    Any disclosure of confidential information by the party that designated the information as such;

    b.    Any disclosure of confidential information to any judge, magistrate, or employee of this Court for purposes of this action;

    c.    Any disclosure of confidential information for the purpose of the enforcement of the criminal laws.

5.    All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court. Where possible only the confidential portions of filings with the Court shall be filed under seal.

6.    This Stipulation and Protective Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects trade secrets, proprietary or commercial information, or other confidential matter; (b) prejudice in any way the right of a party

3

to object to the production of documents it considers not subject to discovery; or (c) prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced or (ii) if produced, whether such material should be subject to the terms of this Stipulation and Protective Order; or (d) prejudice in any way the right of a party to apply to the Court for a further protective order relating to any confidential information.

7.  Upon the conclusion of this litigation, all confidential information supplied by any producing party and all copies thereof, shall be returned to the producing party or such confidential discovery material shall be certified to have been destroyed.

8.  Nothing in this Order shall preclude a party from offering confidential information into evidence at the trial of this action.

SO ORDERED.

Dated: White Plains, New York
July 22, 2008

*/s/ Stephen C. Robinson*
STEPHEN C. ROBINSON, U.S.D.J.